UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRANDON JOSEPH GENTRY, | |
| Plaintiff, | |
| v. | CAUSE NO. 2:19-CV-500-TLS-JPK |
| LAKE COUNTY SHERIFF and HAMMOND POLICE DEPARTMENT, | |
| Defendants. | |

OPINION AND ORDER

Brandon Gentry, proceeding without a lawyer, filed a Complaint [ECF No. 1] and a Motion for Leave to Proceed In Forma Pauperis [ECF No. 2]. When presented with an in forma pauperis application, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). If a court finds that the suit lacks sufficient merit or that an inadequate showing of poverty exists, the court must deny the in forma pauperis petition. *See Smith-Bey*, 841 F.2d at 757. A court must dismiss a case at any time if it determines that the suit is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To determine whether the suit states a claim under 28 U.S.C. section 1915(e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015); *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). In deciding a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. Wal-Mart Stores, Inc.*, 722

F.3d 1014, 1027 (7th Cir. 2013). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). However, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

Mr. Gentry satisfies the financial prong of the analysis, but the suit must be dismissed. This is the third time Mr. Gentry has sued these two defendants, the Lake County Sheriff and the Hammond Police Department, over the same alleged incident. Both of his previous cases involved similar allegations as this case—namely, that his two minor nieces were raped by Hammond police officers and that the Sheriff's Department failed to properly investigate the incident which caused Gentry's own mental health to suffer. The original complaint was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) by Judge Moody, who analyzed the merits of the case and found that Gentry could not file a lawsuit on behalf of his nieces and had failed to state a personal claim because an individual does not have a constitutional right to have a case investigated satisfactorily. *See Gentry v. Hammond Police Dep't*, case no. 2:19-CV-400-JTM-JEM, ECF 3 at 3 (citing *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001); *Rossi v. City of Chicago*, 790 F.3d 729, 735–37 (7th Cir. 2015)). The second complaint was dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) by Judge Simon, who noted that the action was frivolous and barred by res judicata due to Judge Moody's prior decision. *See Gentry v. Hammond Police Dep't*, case no. 2:19-CV-482-PPS-JEM, ECF 3 at 2–3 (citing *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011); *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002)).

In this case, Mr. Gentry again asks the court to "involve a minor 1, and minor 2" (ECF 1 at 2) because they were allegedly raped by Hammond police officers and by the Lake County Sheriff and/or his employees. He again alleges that the crimes have gone uninvestigated. And, he again insists that the consequences of these actions have harmed both him and his nieces. However, for the same reasons noted by Judge Moody and Judge Simon in their dismissal orders, this complaint must also be dismissed.

For these reasons, the Court:

(1) DENIES the Motion to Proceed In Forma Pauperis [ECF No. 2];

(2) DISMISSES this case with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as being a frivolous suit barred by res judicata; and

(3) CAUTIONS Brandon Joseph Gentry that if he files another frivolous lawsuit based on these same allegations, he may be fined, sanctioned, or restricted.

SO ORDERED on September 10, 2020.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT